Fletcher, J.
These cases are substantially alike; and may be considered together as one action. From the bill of exceptions, it does not appear, that the defendants, upon the trial of the case in the court below, presented any particular, distinct points of law, and requested the ruling of the court thereon. The bill states that the defendants, for their defence, relied upon the insufficiency of the bond, and the evi« *306 dence, and upon the records, proceedings, and papers to which it was agreed the parties might refer. This is all exceedingly general and indefinite. In what particulars the bond and the evidence were deemed to be insufficient, is not stated, nor does it appear what particular view or views were taken in the court below of the records, proceedings, and papers, as constituting a good defence to the action.
There being no particular position taken on the part of the defendants, the only rulings of the court, which appear, are that the evidence was sufficient to maintain the action, and that the facts disclosed did not constitute a legal defence, and that the bond was forfeited. To which rulings, “ in matters of law,” the bill states the defendants excepted. What were the “ matters of law ” embraced in the rulings, to which exception was taken, cannot be very satisfactorily ascertained. A bill of exceptions should exhibit clearly and definitely the points of law ruled by the court below, and it is only those points, which this court can properly be called on to consider on exceptions.
Upon the hearing in this court, it was maintained in behalf of the defendant, that the whole bond, or at least that part, the breach of which was alleged, was void upon various grounds, which were particularly stated, but which did not appear in the bill of exceptions, and so far as appeared were presented originally and for the first time in this court, without having been particularly presented to, and ruled upon by the court below. In cases upon exceptions from the court of common pleas new questions should not be raised in this court. The several positions taken in behalf of the defendant have, however, been fully considered by this court. There is nothing in fact or in law to maintain the general proposition, that the bond is wholly void. But it is said that the condition, a breach of which was alleged, that the review should be entered at the next December term of the court is void, because it varies from, or goes beyond the statute, that the designation of the term of the court is merely surplusage, that the language is that of recital, and not of obligation, and that the subsequent order of the court granting a review, which is *307 general, interprets and controls the bond in this respect, and that it is a condition to do an illegal act, and to render it legal, the qualification should have been added, “ if the court shall order a review.”
The twenty-second section of the ninety-ninth chapter of the revised statutes is as follows: “ If the execution in the original action has not been satisfied, the court may order a stay or supersedeas thereof, upon security given by the petitioner to the adverse party to pay whatever shall appear to be due to him after the final judgment in the review, or upon such other terms as the court shall think just and reasonable.” By this section the court has the power not only to take security for what may be found due, but also to prescribe such other terms as may be thought just and reasonable. The condition, that the review should be entered at the next term of the court, was surely and manifestly a most just and reasonable condition. To have left the review to be entered at some remote or indefinite period, would have been highly unjust and unreasonable. This condition, therefore, clearly does not vary from or go beyond the statute, nor is the designation of the term of the court surplusage, nor is the language of the condition that of recital merely, but is in form and effect binding and obligatory. The order of the court for a review, being general, not designating the particular term of the court at which it should be entered, cannot upon any principle be taken to vary or control the condition of the bond. On the contrary, in the case of Hobart v. Tilton, 1 Greenl. 399, it was held, that where a review is granted, without designating the time at which it shall be entered, the writ must be entered at the next following term. Whether or not it would have been held under the general order for a review in this case, that the plaintiff in review was bound to enter his suit at the next term; certain it is, that the general order cannot defeat or weaken the express condition in the bond. It would occasion great mischief to allow a party after having obtained a supersedeas of an execution against him to choose his own time for entering the review.
Because the review was not actually granted when the *308 bond was given, it by no means follows that the condition was, for that reason, a condition to do an illegal act. It was no doubt expected, at the time, that a review would be granted, and the condition was inserted to have effect in that event. If the review had not' in fact been granted, other questions might have arisen which need not now be considered.
It is worthy of notice that the statute provides, that upon a petition for a review the court may order a stay or supersedeas of an execution, upon security being given by the petitioner to pay what may be found due to the adverse party, upon the final judgment in review, but does not, in express terms, provide indemnity to the adverse party for the stay or supersedeas of his execution in the event that the review shall not be granted. In the bond in the present case, though a supersedeas of the execution was granted, there is no provision that the petitioner should indemnify the other party for the stay of his execution, if there should be a failure to obtain a review. A party might be very seriously injured by the stay of his execution in case no review should be granted. In granting a supersedeas, the court might perhaps, under the general power to impose such terms as should be thought just and reasonable, in addition to the security to pay what might be found due to the adverse party upon final judgment in review, require the petitioner to give security to ‘ pay the execution, in case the petition for a review should be refused; but upon this it is unnecessary to express any opinion.
The facts, set out as explaining the reason why the condition of the bond was not complied with, are also relied upon as furnishing a sufficient ground of defence. These facts, surely, do not show a compliance with the bond, nor do they show that a compliance was impossible, nor that it would have been illegal; they only show that the failure was occasioned by a misapprehension in regard to the place of abode of the defendant in review. Upon the facts of the case, the writ of review might have been served and should have been served upon the attorney of the defendant in review for the December *309 term, as it was in fact served on the attorney for the March term.
The obligors must show performance of the condition, or that performance was prevented by the act of God, or by the act of the law, or by the act of the obligee himself. But the condition clearly was not performed, nor was the performance prevented by any cause recognized in the law as a justification of a non-performance. The facts show merely, that the plaintiff in review failed to perform the condition in the bond by reason of a mistake, but that mistake can, upon no principle known to the law, constitute a defence to the present action.
In the case against Timothy Good & others, it is set out as a defence to the action, that a bond given by him to dissolve an attachment in the original suit of Lehan against him, has been put in suit, and a judgment and satisfaction obtained. But that proceeding is totally irrelevant to this case, and can upon no principle furnish a defence in the present action. The suit upon the bond to dissolve the attachment, and the present suit, have not the slightest relation to each other.
The defendants’ exceptions must be overruled, and judgment rendered according to the verdict for the breach; the amount of damages to be ascertained.